## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jaleel Mardis (M-50108), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 CV 50009 |
| v. | ) | |
| | ) | Judge Iain D. Johnston |
| | ) | |
| Donald Enloe, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's third motion for attorney representation [52] is denied without prejudice, for the reasons stated in the Court's order of December 19, 2017 [47], and for the reasons stated below. Due to the dismissal of Defendant Donald Enloe [55], the Clerk is directed to amend the caption to list Scott Nailor as the sole and lead Defendant.

## STATEMENT

Plaintiff Jaleel Mardis, an Illinois prisoner housed at Dixon Correctional Center, brought this *pro se* civil rights action, invoking 42 U.S.C. §§ 1981 and 1983, claiming that a prison official have discriminated against her for her transgender status and retaliated against her for submitting a grievance and Prison Rape Elimination Act ("PREA") report about her treatment. Before the Court is Plaintiff's renewed motion for attorney representation.

Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter herself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on her ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical

and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503F.3d at 655-56.

After considering the above factors, the Court concludes that solicitation of counsel for Plaintiff is not currently warranted. Plaintiff indicates that her requests for representation from attorneys or legal organizations have been unsuccessful. (Dkt. 52, pg. 1.) The Court incorporates the analysis from its order of December 19, 2017 (Dkt. 47), but will address the additional points Plaintiff raises here. The Court has reviewed Plaintiff's submissions, as well as her participation during the status conferences held to date. Plaintiff first indicates that, contrary to her first motion for attorney representation (Dkt. 4, pg. 2), which indicated that she is a high school graduate, she in fact has a "10th grade education" and her "reading and writing is not up to an acceptable level." (Dkt. 52, pg. 1, 2.) She takes "several" listed "psychotropic medications," the effects of which she does not describe. (*Id.* at 1.) Another inmate has assisted her thus far, but that "inmate paralegal has never prepared a [sic] initial disclosure under Rule 26 before." (*Id.*) Such litigation inexperience is common among *pro se* litigants, but this factor, considered with the factors mentioned above, and Plaintiff's status conference participation, does not suggest that Plaintiff is incapable of proceeding at this stage. Plaintiff was a participant in the events and possesses much of the information regarding her claims. Plaintiff is encouraged to review the Federal Rules of Civil Procedure, including Rules 26, 33, and 34. Rule 26(a)(1)(A) provides categories of information that parties must volunteer to one another, relating to favorable witnesses, documents, and damage computations. Plaintiff, who was a participant in the events she challenges here, is in a position to know of the other participants or witnesses with information likely to support her claims (she appears to be gathering such information already, *see* Dkt. 36, pg. 1 (seeking to dismiss claims against Lt. Dan Newman, who, "upon consultation . . . will actually be a witness <u>for</u> the plaintiff")), the documents that might support her claims, and the types and amounts of damages she seeks. The Court grants *pro se* litigants considerable leeway in the pursuit of their lawsuits and will broadly and liberally construe Plaintiff's submissions in this case. Her motion is denied without prejudice to later renewal.


Date:   February 8, 2018

_____
Iain D. Johnston
United States Magistrate Judge